UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCHOOL SOFTWARE GROUP INC.,

       Plaintiff,

v.                                                                   Case No. 17-C-391

EDUCATION TECHNOLOGY PARTNERS INC., *et al.*,

       Defendants.

## DECISION AND ORDER GRANTING RECONSIDERATION

Plaintiff School Software Group, Inc. ("SSG") brought this action alleging that Defendants Education Technology Partners, Inc. and W. Randall Jennings (collectively, "ETP") breached a Software Reseller Agreement and Addendum (the "Reseller Agreement") between SSG and ETP. On February 9, 2018, this court granted SSG's partial motion for summary judgment, concluding that SSG had the right to terminate the Reseller Agreement, as alleged in the first count of its complaint. ECF No. 38. This matter now comes before the court on ETP's motion for reconsideration of the court's decision granting SSG's motion for partial summary judgment. ECF No. 39. ETP argues that the court erred in determining that the payment provisions of the Reseller Agreement were material terms of the contract and contends that questions of fact remain as to whether SSG waived its right to terminate the Reseller Agreement. Following an April 25, 2018 status conference regarding this matter, both parties filed supplemental briefs addressing whether SSG gave proper notice of its right to terminate under the Reseller Agreement. ECF Nos. 45, 48. For the reasons set forth below, ETP's motion for reconsideration will be granted.

As an initial matter, ETP incorrectly styles its request as a motion under Federal Rule of Civil Procedure 59(e). Rule 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See* Fed. R. Civ. P. 59(e). By its plain terms, Rule 59(e) pertains only to reconsideration of a "judgment." No judgment has been entered in this case. Where, as here, a party seeks reconsideration not of a judgment but of an interlocutory order, the motion is properly brought under Rule 54(b). Under that rule, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," unless, of course, a partial judgment is entered as to such an order. Fed. R. Civ. P. 54(b); *see Galvan v. Norberg*, 678 F.3d 581, 587 n. 3 (7th Cir. 2012) (explaining that "a traditional Rule 59(e) motion to reconsider . . . can only follow a 'judgment' " and that "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment").

No partial judgment was entered in this case, and thus the high standard required for relief under Rule 59 does not apply. Instead, a motion to reconsider a non-final ruling is constrained only by the doctrine of the law of the case." *Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000); *see also Galvan*, 678 F.3d at 587–88 (applying the law of the case doctrine in reviewing a district court's decision to reconsider an interlocutory order under Rule 54(b)). The law of the case doctrine is discretionary and does not preclude a district court from reopening a decided issue. *See United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *see also Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) (the doctrine of the law of the case is "no more than a presumption,

2

one whose strength varies with the circumstances; it is not a straitjacket"). Still, because of the interest in finality, a court should not lightly change its rulings after a decision has been made.

As its primary argument, ETP contends that the court made a manifest error of law by determining that ETP's continual failure to comply with the payment deadlines in the Reseller Agreement constituted a failure to perform a material provision of the contract. Specifically, ETP argues that whether the payment timing provision was a material term of the Reseller Agreement raises a question of fact that should have been presented to a jury, an argument that it made emphatically in its briefing in opposition to the motion for summary judgment. ECF No. 22 at 11–16. In its response to SSG's supplementary materials filed at the court's direction, ETP further asserts that SSG failed to comply with the notice requirement of the termination provision in the Reseller Agreement. ECF No. 48 at 3–6. It is this latter point that warrants careful consideration.

It is undisputed that under the terms of the Reseller Agreement ETP was to sell SSG's products and pay to SSG the purchase price it received, less ETP's commission, "within thirty (30) days following receipt of the revenue but no later than 60 days from the date of the SSG invoice." ECF No. 20-1 at 11. The Reseller Agreement also expressly provides that "[e]ither SSG or [ETP] may terminate [the Reseller Agreement] for cause upon thirty (30) day's [sic] prior written notice to the other party," and it defines "cause" as "a party's continued failure to perform a material provision of [the Reseller Agreement] following thirty (30) days notice of such deficiency from the other party." *Id.* at 2. By the plain terms of the termination provision, this language means that "cause" for termination arises only after a party continues to fail to perform a material term of the agreement for 30 days after receiving notice of deficiency from the other party. Once that initial 30

day period elapses and creates cause for termination, the party that gave notice of deficiency may give a further notice of termination; the Reseller Agreement would then terminate 30 days later.

In its supplemental materials filed at the court's direction, SSG identifies two written communications that it argues properly constituted the notice of deficiency necessary for cause to arise, allowing SSG to terminate the Reseller Agreement. First, SSG points to a November 25, 2016 email from its president, John Pranica, to ETP stating, "Also attached is the open accounts receivable report. Please pay everything older than 60 days." ECF No. 45-1 at 1. Second, SSG directs the court to the December 19, 2016 letter from its attorney, David Fenlon, to ETP. ECF No. 45-2. The letter both reminded ETP of its payment obligations and threatened termination of the Reseller Agreement if ETP continued to fail to make timely payments to SSG:

> [Y]ou are obligated to pay SSG invoices within 60 days of your receipt thereof. As you have been recently notified, there are numerous invoices to ETP which are more than 60 days old. Demand is hereby made for immediate payment of all amounts owed by ETP to SSG.
>
> . . . .
>
> To the extent this arrangement is not agreeable to you, SSG will view your refusal to accept the reclassification of those states, along with your previous actions concerning Greenbush SEKESC/The Learning Tree Institute, and your failure to timely remit invoices to SSG, as breaches of and default under the Reseller Agreement, and will move to immediately terminate the entire relationship, as permitted by the Agreement. If necessary, SSG is fully prepared to defend its actions in a court of law. Should you view that as an action to be taken, I remind you of the exclusive choice of law and venue requirements contained in the Reseller Agreement.

*Id.* at 2. SSG argues that despite these two communications, ETP persisted in failing to pay invoices within sixty days of their issuance, as required under the Reseller Agreement, and SSG therefore obtained the right to terminate.

4

On close reevaluation, it is not clear that SSG's November 25 email asking ETP to pay all invoices older than 60 days constituted a notice of deficiency sufficient to give rise to cause to terminate. As noted in the court's earlier order granting summary judgment to SSG, "[w]here payment is . . . expressly or impliedly contracted for, payment at the time agreed upon is generally considered to be a material element of the contract." *Shy v. Indus. Salvage Material Co.*, 264 Wis. 118, 124–25, 58 N.W.2d 452 456 (1953) (quoting *Gedanke v. Wis. Evaporated Milk Co.*, 215 Wis. 370, 376, 254 N.W. 660, 663 (1934)). The November 25 email's request for payment certainly implicates the material payment term in the Reseller Agreement, but the email does not expressly place ETP on notice that failure to cure deficiencies in the payment timing within 30 days will give rise to "cause" under the termination provision. Even if the November 25 email did constitute notice of failure to comply with a material term of the agreement, SSG's own records show that, of the 19 invoices that were at least 60 days old on November 25, 6 were paid on November 29 and the rest were paid on January 3, 2017. ECF No. 20-1 at 63–64, 69; *see also* ECF No. 48-2 at 1–3 (highlighting comparison). ETP has also submitted a copy of a December 17, 2016 check to SSG with a memo noting that it was meant to pay for 4 of those 19 invoices that SSG marks as paid on January 3. ECF No. 48-2 at 4. The fact that ETP paid several of the 60-day outstanding invoices within 30 days of November 25 suggests that a dispute of material fact exists as to whether ETP continued to fail to perform a material term of the reseller agreement after receiving the email. In any event, SSG's December 19 letter came just 24 days after the November 25 email, meaning that the letter could not constitute a notice of termination even if the email was a proper notice of deficiency.

5

Unlike the November 25 email, SSG's December 19 letter does appear to provide notice of deficiency as contemplated by the termination provision of the Reseller Agreement. SSG's December 19 letter not only reminded ETP of its obligation to make payments within 60 days under the Reseller Agreement but also plainly informed ETP that SSG viewed it as deficient in its performance of that requirement. Under the termination provision in the Reseller Agreement, ETP therefore had 30 days to cure its deficiency, otherwise ETP's failure to pay would give SSG "cause" to terminate the agreement. Once again, however, a dispute of material fact exists with regard to whether ETP successfully cured that deficiency. Although SSG did not include a list of open invoices with its December 19 letter as it did with the November 25 email, the list from November shows that an additional 17 invoices would have been pending at least 60 days on December 19. ECF No. 20-1 at 69. But the court has already noted that SSG's records show that all invoices pending at least 60 days on November 25 were paid no later than January 3, 2017, and those same records show that all invoices pending at least 60 days on December 19 were also paid by that January date. *Id.* at 64, 69. Because January 3, 2017, unquestionably falls within 30 days after December 19, 2016, SSG has not shown that cause for termination arose as a matter of law under the Reseller Agreement based on the December 19 letter, either.

The foregoing discussion shows that disputes of material fact exists as to whether SSG gave ETP notice of failure to comply with a material term of the Reseller Agreement on either November 25, 2016, or December 19, 2016. In the event that the communications on either of those days constituted appropriate notice of deficiency, further disputes exist as to whether ETP timely cured any deficiencies. There is also no dispute that ETP made "over 300 late payments over the life of the Complete 2014 Contract" (Def.'s Proposed Findings of Fact, ECF No. 24 ¶ 20), but the

discussion above shows that ETP paid many overdue invoices after the dates of these potential notices. Whether ETP successfully cured any deficiencies of which it received notice from SSG therefore presents further questions of fact. Accordingly, ETP's motion for reconsideration will be granted.

**IT IS THEREFORE ORDERED** that ETP's motion for reconsideration (ECF No. 39) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk set this matter for a telephone conference to discuss scheduling.

Dated at Green Bay, Wisconsin, this 27th day of June, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court